UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEWAYNE WHITE, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:14-CV-732 (CEJ) |
| IAN WALLACE, | ) |
| Respondent. | ) |

## **MEMORANDUM**

This matter is before the Court on the petition of DeWayne White for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent has filed a response in opposition.

### I.  Background

Petitioner DeWayne White is presently incarcerated at the Southeast Correctional Center pursuant to the sentence and judgment of the Circuit Court of Saint Louis County. On August 2, 2011, a jury convicted petitioner of two counts of first-degree statutory sodomy, one count of first-degree statutory rape, and one count of first-degree child molestation. The trial court sentenced petitioner as a prior offender to three terms of life imprisonment and one term of fifteen years, to run concurrent with one another, and consecutive to the sentence imposed in another case. Doc. #15-2 at 62-66. Petitioner appealed his conviction and, on September 4, 2012, the Missouri Court of Appeals affirmed. State v. White, No. ED97347 (Mo. Ct. App. Sept. 4, 2012). Doc. #15-5. On August 12, 2013, petitioner filed a motion for postconviction relief pursuant to Missouri Supreme Court Rule

29.15. On December 19, 2012, the postconviction court dismissed the motion as untimely. Doc. #15-7 at 4. Petitioner filed the instant petition on April 10, 2014.

## II.  Discussion

A one-year statute of limitations applies to habeas corpus petitions filed pursuant to 28 U.S.C. § 2254. For state prisoners, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Where, as here, a prisoner does not seek transfer to the state supreme court after direct appeal, his judgment becomes final when the time to seek such discretionary review expires. Gonzalez v. Thaler, --- U.S. ---, 132 S. Ct. 641 (2012). In Missouri, the time for seeking review by the supreme court is fifteen days. Mo.S.Ct.R. 83.02. Thus, petitioner's judgment became final on September 19, 2012. He did not place his § 2254 petition in the prison mail system until April 8, 2014, 566 days after his conviction became final. Doc. #1-3. The petition is thus time-barred unless the statutory period was tolled.

The one-year statute of limitations is tolled during the pendency of a "properly-filed" application for postconviction relief. § 2244(d)(2). A postconviction motion that was rejected by the state court as untimely under the state's statute of limitations is not "properly filed" for the purposes of § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (citation omitted). Thus, petitioner is not entitled to statutory tolling.[1] A petitioner seeking equitable tolling must show "(1) that he has been pursuing his rights

---

[1] Even if the postconviction motion could be deemed "properly filed," it was only pending for a total of 98 days.

2

diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). Id. at 649 (citation omitted). Here, petitioner does not claim that he can meet the requirements for equitable tolling. Rather, he argues that the Court "has the power to inquire into any constitutional defect in a criminal trial" and that "[c]onventional notions of fidelity and procedural bars in criminal litigation cannot be permitted to def[l]ect the manifest Federal Policy that Federal Constitutional Rights of person[al] liberty shall not be denied without the fullest opportunity for plenary Federal Judicial review." Doc. #29 at 15. Petitioner is incorrect — the Court may not consider his habeas corpus petition unless he can show he is entitled to equitable tolling. A review of the record in this case does not establish either that he was diligent in his pursuit of his rights or that an extraordinary circumstance prevented him from complying with the requirements of § 2244(d)(1).

Accordingly, the Court concludes that the petition is untimely. Therefore, it will be dismissed.

A separate order of dismissal will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of April, 2017.

3